Memorial Hospital of Mattoon, a Corporation, Plaintiff-Appellee, v. Dwane Wishard and Norma Wishard, Defendants-Appellants.

Gen. No. 10,925.

Fourth District.

March 25, 1968.

W. R. Stewart, of Champaign, for appellants.

William Cherikos, of Charleston, for appellee.

SMITH, P. J.

Notwithstanding the fact that this record distills itself into a purely academic exercise, the procedural questions presented warrant comment. After service of process

on the defendants and appearance by way of a motion to dismiss, the plaintiff moved to dismiss its cause of action and the trial court granted its motion.

Sixty-six days later the defendants filed their motion asking (a) that the judgment of dismissal be amended to add the words "without prejudice" nunc pro tunc and (b) to summarily tax the plaintiff with the defendants' attorney fees of $90 pursuant to the provisions of Ill Rev Stats 1965, c 110, § 41. This motion was argued by counsel on both sides, the motion was denied, and this appeal is from that denial.

 In the record is a purported report of proceedings containing evidentiary matters before the court on the arguments of the defendants' motion. It is an attempted compliance with Supreme Court Rule 323 (c), Ill Rev Stats 1967, c 110A, § 323, which delineates the procedure to follow if no verbatim transcript of the proceeding is available. This report is simply not properly before us. The record does not show that a verbatim report is not available. The record does not show that within 7 days after the time limitations contained in the Rule the required notice was given that the proposed report would be submitted to the trial court for settlement and approval. The record does not show that the report was ever presented to the trial court. The record does not show that the trial court was ever requested to "promptly settle, certify and ordered filed an accurate report of proceedings." The purpose of requiring the magistrate to settle, certify and file the report is to lend authenticity, accuracy and truth to what it contains. The report here filed carries the bar sinister on its escutcheon and the procedure here used does not remotely resemble the requirements of the Rule whose terms would permit us to consider the contents of the report.

 The order of dismissal was without descriptive adjectives. Was it a voluntary dismissal without prejudice or was it a voluntary dismissal with prejudice? The

motion for dismissal was on a printed form apparently in general use in Coles County and is as follows:

## "MOTION FOR DISMISSAL OF SUIT

"2. I, the undersigned, having received full payment and satisfaction in the cause of action contained in my complaint against the defendant do hereby move the Court to dismiss this suit.

"Dated this 15th day of May, A.D. 1967.

Memorial Hospital of Mattoon

L. C. Buck

Plaintiff

## "ORDER OF COURT

"On this motion of the plaintiff this suit dismissed this 15th day of May, A.D. 1967.

Thomas M. Burke

Magistrate"

And then following on the same printed blank was this language:

## "INSTRUCTION TO THE CLERK

"2. If a small claim is filed and the plaintiff receives satisfaction in full prior to the rendering of the judgment, Section 2 of this would be completed and presented to the Court for an order dismissing the suit."

On this record, it would be pure sophistry to say that the trial court dismissed this suit without prejudice when the document which moved it to act said otherwise. The plaintiff stated in no uncertain language to the court that it no longer had a claim against the defendants; that

the purpose of the litigation had been accomplished; and that the suit should be effectively terminated. The plaintiff is bound by these statements. The suit and the cause of action is effectively interred without hope of future resurrection.

At the time of the post-judgment motion, the order of dismissal was more than 30 days old. The judgment of dismissal was then final and, on this record, the defendants do not bring themselves within the remedial provisions of Ill Rev Stats 1965, c 110, § 72. They contend that they received no notice of the dismissal as required by the rules of the Coles County Circuit Court. How failure of the plaintiff to give notice of the dismissal prejudiced the defendants escapes us. Their own first motion requested just this result. They have it. The post-judgment motion of the defendants was properly denied. Having now reviewed the exhumed skeleton of a demised final judgment, we must, as the trial court properly did, leave it in restful repose and repine not.

Affirmed.

TRAPP and CRAVEN, JJ., concur.